# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY E. DICKEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 10-CV-388-JHP-TLW |
| | ) |
| JANE STANDIFIRD, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2006-5178. See Dkt. # 1. The record reflects that on November 5, 2007, the state district judge found Petitioner guilty after accepting his plea of guilty to Sexually Abusing a Minor Child (Count 1). See Dkt. # 9, Ex. 1. Four additional counts of Sexually Abusing a Minor Child (Counts 2-5) were dismissed. See id. He was sentenced that day to fifteen (15) years in custody of the Oklahoma Department of Corrections, with all but the first three (3) years suspended. Id. On November 15, 2007, Petitioner filed a timely motion to withdraw guilty plea. Id. However, on November 20, 2007, Petitioner withdrew his motion to withdraw guilty plea. Id.

On July 8, 2008, Petitioner filed a Motion for Judicial Review. Id. He filed a second motion for judicial review on September 25, 2008. Id. By order entered October 1, 2008, the state district judge denied the motion. Id.

On December 31, 2008, Petitioner filed an application for post-conviction relief. Id. The state district court denied the application by order filed January 21, 2009. Id. Petitioner appealed to the OCCA, and by order filed May 20, 2009, in Case No. PC-2009-259, the OCCA declined jurisdiction and dismissed the attempted post-conviction appeal. See Dkt. # 9, Ex. 2.

Petitioner commenced this habeas corpus action on June 16, 2010. See Dkt. # 1. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. #s 8 and 9.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because more than ten (10) days had passed since pronouncement of the Judgment and Sentence on November 5, 2007, Petitioner's conviction became final on November 20, 2007, when he withdrew his motion to withdraw his guilty plea in Case No. CF-2006-5178. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on November 20, 2007. Absent a tolling event, a federal petition for writ of habeas corpus filed after November 20, 2008, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). The petition in this case was not filed until June 16, 2010. Unless Petitioner is entitled to statutory or equitable tolling, his petition is untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief

during the relevant period. Petitioner filed motions for judicial review on July 8, 2008, and on September 25, 2008, or before the limitations deadline. The requested relief was denied by order entered October 1, 2008. A motion for judicial review, however, is not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Petitioner's application for post-conviction relief was not filed until December 31, 2008, or more than one (1) month after the November 20, 2008, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on June 16, 2010, appears to be untimely.

Petitioner filed a response (Dkt. # 11) to the motion to dismiss. He claims that he is entitled to equitable tolling because he "is a layman and has no knowledge in the rules or regulations set forth in the practice of law." Id. He also complains that he "has no control over the amount of time or time limits placed on him by the Oklahoma Dept. of Corrections concerning the amount of time or available research material allowed to him in the pursuit of justice." Id.

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976,

978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Petitioner has the duty to pursue his federal claims with reasonable diligence and must demonstrate "that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000); see also Miller, 141 F.3d at 978. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner's vague and conclusory statement concerning his lack of access to legal resources is insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978. The Court also recognizes that Petitioner appears *pro se* and avers that he is unfamiliar with the law. See Dkt. # 11. However, Petitioner's conclusory statement concerning his lack of legal knowledge is insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" (citations omitted)); Miller, 141 F.3d at 978. As a result, Petitioner is not entitled to equitable tolling.

5

*CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

*[signature]*
James H. Payne
United States District Judge
Northern District of Oklahoma